**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case No. 4:93-CR-00151-01 GTE

**GREGORY PHILIP ROBINSON**

### SENTENCE REDUCTION ORDER

Before the Court are two motions requesting a reduction of Defendant Gregory Philip Robinson's sentence based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] Defendant Robinson filed a motion, *pro se*, on February 21, 2008. A week later, appointed counsel filed a motion on Defendant's behalf. Also before the Court is the Government's response and a reply brief filed by Defendant's counsel. For the reasons stated herein, the Court finds that Defendant's sentence should be reduced on certain conditions.

It is undisputed that Mr. Robinson is eligible for a sentence reduction in the sense that application of the crack cocaine amendment does in fact lower the guideline range applicable to the offense of conviction. Mr. Robinson's original sentencing range, based on a level 33, criminal history category VI offense, was 235 to 294 months. The Court imposed a sentenced of 235 months. Applying the amended version of U.S.S.G. § 2D1.1 results in a two point decrease in the base offense level, thereby lowering the total offense level to 31 and producing a sentencing range, based on the same criminal history category, of 188 to 235 months.

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

There is a dispute, however, over whether the Court should exercise its discretion to award Mr. Robinson any reduction in his sentence. The Government contends that factors exist in this case which merit a complete denial of any sentence reduction or, alternatively, a reduction of not more than 32 months. First, the Government asserts that no suitable release plan has been developed for this Defendant. Second, the Government points out that Defendant has failed to complete any self-improvement programs while incarcerated for 13 years. Third, the Government states that the Defendant "has a serious and lengthy criminal history of drug and weapon related offenses coupled with a violent incident in prison" during which the Defendant used a weapon to injure another inmate.

The Court is most concerned about the fact that no suitable release plan exists for the Defendant and by his failure to complete any self-improvement programs while incarcerated. The Court recommended at sentencing that the Defendant "be afforded the opportunity to obtain vocational skills." The Court does not know whether opportunities for vocational training and self-improvement were made available to Defendant while incarcerated, and assuming that such opportunities were made available, the Court has no idea why Defendant did not take advantage of such opportunities.

The Court will not penalize Defendant for his prior criminal history because his prior convictions are already reflected in his criminal history score. Further, the fact that Defendant was involved in one fight while incarcerated for almost fourteen years does not merit the denial of any reduction.

Defendant is eligible for immediate release. The Court is willing to order Defendant's immediate release, but only on the special condition that Defendant not be released directly from prison into the free world, but rather that Defendant first participate in a residential reentry

program under the supervision of the Probation Office. During this period, Defendant will have an opportunity to gain employment, to develop a suitable release plan, and to obtain the skills necessary to give him the best chance at successful integration into society.  The Court finds that this special condition is in the best interest of Defendant and the public.  The Court has been advised that Defendant meets the criteria for participation in a residential reentry program, but that it may take up to two weeks to obtain placement.

## CONCLUSION

Accordingly,

IT IS THEREFORE ORDERED THAT Defendants' Motions for Retroactive Application of the Crack Cocaine Amendment (Docket # 185 and # 187) be, and they are hereby, GRANTED on the terms and conditions stated in the Order Regarding Motion for Sentence Reduction filed separately on this same date.

IT IS SO ORDERED THIS   1st    day of April, 2008.

_/s/ G. Thomas Eisele_____
UNITED STATES DISTRICT JUDGE